UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. _____

------------------------------------------------------------------X

JOAO A. SARABANDO,

                                   Plaintiff,

       -against-

DECORA CONSTRUCTION & SONS, INC., DECORA, DECORA CONSTRUCTION LLC, and FRANCISO TAVARES,

                                   Defendants.

------------------------------------------------------------------X

JUDGE ROBINSON

**COMPLAINT**

**JURY DEMAND**

08 CIV. 6895

The Plaintiff JOAO A. SARABANDO, by his attorneys, ELEFANTE & PERSANIS, LLC, complaining of the Defendants, respectfully alleges:

## INTRODUCTION

1. This is an action to recover unpaid wages, overtime wages, and unpaid employee/union benefits/contributions, attorney's fees, and liquidated damages. This action is brought pursuant to the Fair Labor Standards Act of 1938, (hereinafter "FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, and New York Labor Law §§ 650, *et seq.*, § 345 *et seq.*,§ § 190, 191, and 198 (2003) The plaintiff was an employee of defendants from December 2002 until November 2006, and plaintiff routinely and consistently worked more than forty (40) hours per week. Plaintiff was not paid for the actual numbers of hours worked, regular/straight time and overtime, nor the actual union hourly wage or related benefits for those hours.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by the federal question of the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.*, 29 U.S.C. §216(b) *et. seq*, and subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has venue pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## PARTIES

3. Plaintiff, JOAO SARABANDO, resides in the Town of Mount Kisco, Westchester County, State of New York, and has all times alleged herein been a resident of the County of Westchester, State of New York..

4. Defendant, Decora Construction & Sons, Inc. is a Domestic Business Corporation, doing business in New York State by virtue of the Laws of the State of New York, and upon information and belief, has its principal place of business located at 824 Route 6, Town of Mahopac, County of Putnam, State of New York.

5. Defendant, Decora Construction, LLC is a Domestic Business Corporation, doing business in New York State by virtue of the Laws of the State of New York, and upon information and belief, has its principal place of business located at 824 Route 6, Town of Mahopac, County of Putnam, State of New York..

6. Defendant, Decora Construction & Sons, Inc., is a covered employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, and within the New York State Labor Law § §190, 220 *et seq.* (McKinney 2003) in that it is and was a business engaged in commerce and has, on information and belief, annual

      gross sales of at least $500,000.00. .

7. Defendant, Decora Construction LLC is a covered employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, and within the New York State Labor Law §§ 190, 220 *et seq.* (McKinney 2003) in that it is and was a business engaged in commerce and has, on information and belief, annual gross sales of at least $500,000.00.

8. Defendant Francisco Tavares is, upon information and belief, the owner or part-owner of Decora Construction & Sons, Inc., and Decora Construction LLC, and is a manager of the business with the power to hire and fire employees, set their wages, set their schedules, and maintain their employee records. As such, for all times alleged herein, he was plaintiff's employer as defined by the Fair Labor Standards Act, and New York Labor Law.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the actions of the Defendants occurred within the Southern District of New York.

## **STATEMENT OF FACTS**

10. Defendants are in the construction business as private contractors, and engage in the business of construction, including excavation and foundation work for buildings, including but not limited to schools, landscaping in connection with building projects (original installation and reconstruction), heavy construction and engineering work, landscaping in connection with heavy construction and engineering work, including but not limited to pollution plants, sewers, parks, subways, bridges, highways, etc. (original installation and reconstruction) within

and around the County of Westchester.

11. Defendants engage and employ workers, and laborers in order to perform and execute work in furtherance of its above described construction business.

12. Defendants pay their laborers on an hourly basis, subject to required withholding, and are deemed to be employees of defendants.

13. Plaintiff began working for defendants on or about December 2003, as a union laborer, and appeared for work on a continual daily basis until approximately November, 2006.

14. Plaintiff consistently worked more than forty (40) hours per week for defendants, including nights, weekends, and holidays, and was never paid for any overtime, or related supplemental wages.

15. Plaintiff was paid once per week, with state, federal, and union withholdings deducted from one or more paychecks, and a varying amount each week that was paid in cash, with his hours worked divided between and/or among the payment methods, such that neither the paycheck(s) nor the cash totaled the accurate number of hours worked, regular time or overtime.

16. Plaintiff never received a paycheck and/or an amount of cash from defendant that compensated or included accurate hourly union wages and related supplemental benefits, overtime wages, notwithstanding plaintiff having worked in excess of forty (40) hours weekly on a regular basis, and having accurately reported the same.

17. Plaintiff made complaints to the principals of defendant corporations regarding the illegality and/or insufficiency of his compensation for hours worked, and

principals failed to address or remediate.

18. Defendants unlawful compensation practices complained of herein were willful and intentional.

19. Defendants knowingly failed to pay plaintiff adequate compensation in violation of the FLSA and New York Labor Law.

20. Plaintiff worked for defendants until November 2006, at which time he resigned.

21. Defendants have not paid plaintiff for any of these overtime hours, in violation of Fair Labor Standards Act 29 U.S.C. § 207(a) (1), and New York Labor Law, nor has plaintiff received the related increases in employee/union benefits that such hours worked required under New York State Labor Law § 198 *et seq.*, § 345 *et seq.*, § 190 (2003), § 220 *et seq.*

22. At all times applicable herein, defendants employed plaintiff under the definitions of the Fair Labor Standards Act, 29 U.S.C. 201, 203(g), which states that an entity employs an individual if it suffers or permits that individual to work, and pursuant to New York State Labor Law § 198 *et seq.*, § 345 *et seq.*, § 190 (2003), § 220 *et seq.*

23. At all times relevant herein, plaintiff's work responsibilities remained the same, and no material changes occurred regardless of how the hours worked and paid were divided among paycheck and/or cash.

24. At all times applicable herein, defendants controlled and supervised the work of plaintiff at defendants' place of business, or defendant controlled project site.

25. At all times applicable herein, defendants set the hours of work for plaintiff, and plaintiff worked directly for employees of defendants.

26. At all times applicable herein, defendants set the hours for start time, lunch time and related breaks, duration of same, and the end time of each work day.

27. At all times applicable herein, defendants gave plaintiff all work assignments and instructions regarding such assignments and otherwise controlled all aspects of plaintiff's employment.

28. At all times relevant herein, defendants had the power to terminate plaintiff.

29. At all times relevant herein, plaintiff worked exclusively for defendants.

30. At all times relevant herein, plaintiff worked more than forty (40) hours per week for defendants, and was not compensated at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

31. At all times relevant herein, the amount of plaintiff's supplemental employee/union benefits and related contributions depended directly on the number of hours worked, and monies paid for said hours, including overtime hours; the higher the number of hours worked, and paid, the higher the benefits/contributions accrued/earned.

## AS AND FOR A FIRST CAUSE OF ACTION

32. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 as if set forth fully herein.

33. Pursuant to Fair Labor Standards Act, 29 U.S.C. § 207, defendants shall not employ any of their employees for a workweek longer than forty hours unless such employee receives overtime compensation, of at least one and one-half (1 ½) times the employee's regular rate of pay. Defendants' willful failure to pay

plaintiff any plaintiff any overtime wages is in violation of the Fair Labor Standards Act, 29 U.S.C. §207(a) (1).

34. Pursuant to Fair Labor Standards Act, 29 U.S.C. §207, defendants, must pay Plaintiff for any overtime work he performed over forty (40) hours per week at a rate of 1 ½ times regular rate of pay during the period of employment.

35. Defendants have failed to pay plaintiff for any overtime work for four years of employment in violation of 29 U.S.C. §207(a)(1).

36. An employer's action of nonpayment of wages and overtime wages is a prohibited act under the Fair Labor Standards Act and violates 29 U.S.C. § 201 *et seq.*

37. Plaintiff was injured by defendants' willful failure to overtime wages to plaintiff.

38. Plaintiff requests defendants, to pay his hourly overtime rates for the period of December, 2002 through November, 2006, with such plaintiff's regular rate of pay as the basis for the calculation multiplied by one and one-half times.

39. Plaintiff is entitled to the difference between what he was entitled to be paid under the FLSA and the amount he was actually paid.

40. At all relevant times, defendants knew that its calculation of plaintiff's compensation was in violation of the FLSA and U.S. Department of Labor.

41. Plaintiff further requests defendant be required to pay plaintiff liquidated damages in amount equal to the violation for defendant's willful failure to pay overtime wages, and related benefits/contributions to plaintiff, for a period of three years pursuant to 29 U.S.C. § 216(b), and 29 U.S.C. §255(a).

42. Plaintiff further requests defendants to be fined $10,000.00 pursuant to 29 U.S.C. § 216(a).

43. Plaintiff further requests defendants be required to pay plaintiff's attorneys' fees and costs associated with bringing this action to enforce his rights pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 as if set forth fully herein.

45. At all times that plaintiff was employed by defendants, plaintiff was entitled to the rights, protections and benefits provided under the New York State Labor Law and its applicable provisions.

46. Defendants' willful action of hiring Plaintiff, having him work full time, plus overtime hours, and failing to pay him overtime wages is in violation of New York State Labor Law § 190 *et seq.*, which requires all employers to pay every employee no less than one and one-half times the hourly wage.

47. At all times alleged herein, defendants willfully failed to pay plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of New York Labor Law §650 *et seq.*, and the regulations promulgated thereunder, including 12 N.Y.C.R.R. §142-2.4.

48. At all times alleged herein, defendants willfully failed to pay plaintiff an additional hour of pay at the basic minimum hourly wage for each day plaintiff worked more than ten hours ("spread of hours"), in violation of the New York Minimum Wage Act and the regulations promulgated thereunder, including , 12

N.Y.C.R.R. § 142-2.4.

49. Plaintiff is injured by defendants' willful failure to pay overtime wages.

50. Defendants' actions are in violation of New York State Labor Law § 190 *et seq.*, which requires defendants to pay plaintiff all overtime wages earned yet not paid for a period of six years from the filing of this action, plus 25% of said sums liquidated damages authorized by New York Labor Law § 198(1-a), and § 663(1).

51. Plaintiff further requests defendants be required to pay his attorneys fees and costs associated with bringing this action to enforce his rights, pursuant to New York Labor Law § 198(1-a), and § 663(1).

### THIRD CAUSE OF ACTION

52. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 as if set forth fully herein.

53. At all times alleged herein, plaintiff was employed defendants within the meaning of the New York Labor Law and the regulations promulgated thereunder.

54. At all times alleged herein, the relevant provisions of the New York Labor Law and the regulations promulgated thereunder mandated that defendants pay overtime wages to plaintiff.

55. At all times alleged herein, defendants willfully failed to pay plaintiff wages for weekly overtime and spread of hours compensation as required by and within the time specified in New York Labor Law § 190 *et seq.*

56. Due to defendants' violations of New York Labor Law, including violations of § 191, plaintiff is entitled to recover from defendants his entire unpaid overtime

compensation and spread of hours pay, plus twenty-five (25%) liquidated damages, reasonable attorneys' fees and costs of this action, pursuant to New York Labor Law §§ 190 *et seq.*, 198.

## FOURTH CAUSE OF ACTION

57. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 as if set forth fully herein.

58. At all times alleged herein, defendants willful and/or reckless indifference to the nonpayment of plaintiff's overtime wages, knowingly, recklessly and negligently caused plaintiff to suffer a reduction in earned and/or accrued employee benefits and/or contributions that are calculated based on hours worked and paid.

59. At all times relevant herein, defendants had actual or constructive knowledge that the amount of plaintiff's employee/union benefits and related contributions were calculated and determined by the number of hours worked, inclusive of overtime, and monies paid.

60. At all times relevant herein, defendants had actual and constructive knowledge that the lower the amount of hours plaintiff was paid for in each paycheck, to the exclusion of overtime hours, the lower the contributions and/or employee benefits plaintiff would earn, including but not limited to vacation time and pay, and annuities.

61. Plaintiff was injured by defendants' failure to pay total wages in one paycheck, and failure to pay overtime hours so as to otherwise reduce plaintiff's hours earned, and thus reduce plaintiff's benefits and contributions.

62.   Plaintiff demands trial by jury of all issues in this action.

**WHEREFORE**, plaintiff respectfully requests this Court enter judgment on behalf of plaintiff and grant the following relief:

a) Declare plaintiff to be an employee of defendants, and therefore entitled to an amount to be determined at trial for all unpaid overtime wages under the Fair Labor Standards Act 29 U.S.C. § 207(a) (1), and New York State Labor Law; §§ 190, Articles 6 and 19 and their accompanying regulations.

b) Declare defendants' conduct, complained of herein, to be in violation of the plaintiff's rights under the FLSA, and New York State Labor Laws, § 190, Articles 6 and 19 and their accompanying regulations;

c) Declare that defendants had actual or constructive knowledge of their business being subject to FLSA, and the New York State Labor Law, and its requirements;

d) Declare defendants pay plaintiff liquidated damages in an amount of 100% under FLSA, and/or 25% under the New York State Labor Law for defendants' willful violations of not paying overtime wages to plaintiff pursuant to FLSA 29 U.S.C. 201 *et seq.*, and New York State Labor Law, § 190 *et. seq.*, (McKinney 2004);

e) Declare defendants to pay plaintiff an amount to be determined for employee and/or union benefits and contributions that plaintiff failed to earn and/or accrue due to defendant's nonpayment of overtime wages;

f) Declare defendants pay reasonable attorneys fees and costs for being forced to bring this suit to obtain wages owed to plaintiff;

g) Declare defendants to pay fines in an amount of $10,000, pursuant to 29 U.S.C. 216

*et seq.*,

h) All other and further relief this Court deems just and proper.

Dated: Scarsdale, New York

July 31, 2008

*[signature]*

BARBARA CURTIS (BC0689)
**ELEFANTE & PERSANIS, LLP**
Attorneys for Plaintiff
670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000